IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| FRANKLIN C. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:22-CV-00013-H-BU |
| DR. MAYS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Franklin C. Smith, a patient at the River Crest Hospital, brings this action under 42 U.S.C. § 1983 against Defendants Dr. Mays, Dr. Chad Hara, Antoine LNU, and Earnest LNU (collectively, "the Defendants") alleging that the Defendants violated his rights under the United States Constitution and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. Dkt. No. 1. Smith's claims are subject to judicial screening under 28 U.S.C. § 1915(e)(2)(b) because the Court granted Smith leave to proceed *in forma pauperis*. Dkt. No. 7.

Previously, the Court attempted to send Smith an Amended Magistrate Judge's Questionnaire to his address at 902 W. Holland Avenue Alpine, TX 79830, but the Questionnaire was returned as undeliverable. Dkt. No. 13. The Court made another attempt to send its Questionnaire, this time to Smith's address at PO Box 331, Alpine, TX 79832-5600, but the Questionnaire came back again as undeliverable. Dkt. No. 16.

1

In its Notice and Instruction to Pro Se Party, Dkt. No. 6, the Court instructed Smith that he must notify the Court in writing if his address changed during the pendency of his case. The Court warned Smith that his claims could be dismissed if he failed to keep the Court apprised of his current address. *Id.* The Court provided Smith similar instructions and warnings in its Order granting him leave to proceed *in forma pauperis*. Dkt. No. 7 at 2.

The Court finds that Smith has failed to keep the Court informed of his current address. Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Smith's failure to comply with this Court's orders supports involuntary dismissal under Rule 41(b). His failure to maintain a current address with the Court supplies an additional ground for dismissal. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam) ("[T]he failure of *a pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for

2

failure to prosecute."). Because the undersigned does not believe that Smith has acted with bad faith or with delay in mind, the undersigned RECOMMENDS that his claims be dismissed *without* prejudice to him refiling his claims.

For these reasons, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Smith's claims as under Rule 41(b).

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 1st day of March 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE